IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JESSIE K. BYRNE and
PATRICK BYRNE, her husband,

      Plaintiffs,

v.                                                Civil Action No.:  5:22-cv-00002
                                                     Judge:

FAMILY DOLLAR STORES OF WEST VIRGINIA, LLC
d/b/a FAMILY DOLLAR,

      Defendant.

## COMPLAINT

COME NOW Plaintiffs Jessie K. Byrne and Patrick Byrne and, for their *Complaint* against the Defendant, state as follows:

## PARTIES

1. Plaintiffs Jessie K. Byrne and Patrick Byrne are, and at all times relevant herein were, residents and citizens of Fayette County, West Virginia.

2. Defendant Family Dollar Stores of West Virginia, LLC d/b/a Family Dollar ("Family Dollar") is a Virginia limited liability company with membership residing in the Commonwealth of Virginia. At all relevant times, Family Dollar was engaged in the business of operating a retail general merchandise store at 400 US-60, Gauley Bridge, West Viginia 25085 (the "Store"). As such, Family Dollar is, and at all times relevant herein was, subject to the jurisdiction of the federal Occupational Safety and Health Administration (hereinafter "OSHA") and was responsible for compliance with all applicable OSHA rules and regulations in the operation of the Store, as well as applicable industry standards.

**JURISDICTION and VENUE**

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and involves citizens of different states.

4. Venue is proper in the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(a) as a substantial portion of the events giving rise to the claims herein took place in Fayette County, west Virginia, which is within the judicial district of this Court.

**FACTS**

5. Prior to and on March 21, 2020, Family Dollar operated the Store in Gauley Bridge, West Virginia. Immediately adjacent to the entry of the Store is an enclosure where two registers are located, which are used to check customers out of the Store. One of the registers is located immediately next to the doorway, parallel to the exterior wall, facing the entryway ("Register 1"), while the other register is located behind and to the left of Register 1, facing the interior of the store ("Register 2"). Register 2 would not operate without Register 1 being operational.

6. Since at least fall of 2016, the power outlet underneath Register 1 did not work. As a result, the only functioning outlet was on the wall to the left of Register 1. In turn, cords had to be run from Register 1 to the wall on its left so that Register 1 could be turned on and used.

7. Family Dollar management recognized that these cords were in the walkways where employees had to work. Management further recognized that the cords presented a tripping hazard for the employees. In fact, due to their own experiences and the complaints of multiple employees, management of the Store submitted one or more work orders to Family Dollar requesting that the outlet underneath Register 1 be fixed so that the tripping hazard could be

eliminated. Management of the Store also reported the non-operational outlet to its District Manager.

8. Family Dollar prohibited local employees from attempting repairs themselves. However, despite knowing about the non-operational outlet underneath Register 1, Family Dollar did nothing to fix the outlet. As a result, the cords remained in the walkway for an extended time, bunched up underneath Register 1.

9. Despite the tripping hazard being present around Register 1, Family Dollar required its employees to work Register 1.

10. In March 2020, Plaintiff Jessie K. Byrne ("Ms. Byrne") was employed as an associate at the Family Dollar Store in Gauley Bridge, West Virginia. As an associate, one of Ms. Byrne's job duties was operating the cash registers, including Register 1.

11. On March 21, 2020, Ms. Byrne was working on Register 1 when her foot got caught in the cords underneath the register, causing Ms. Byrne to fall on her right hip.

12. As a direct and proximate result of her fall while working Register 1 at the Family Dollar Store, Ms. Byrne suffered a right intertrochanteric hip fracture requiring operative fixation, as well as a subsequent left subcapital femur fracture requiring left hemiarthroplasty, leading to permanent scarring and a determination of a 22% permanent partial disability in her workers' compensation claim.

13. As the injuries set forth herein were caused by the conduct of the Defendant, Defendant is liable to Plaintiffs for all damages, including but not limited to:

    a. pain and suffering, including mental anguish and psychological injuries;

    b. past and future medical expenses;

    c. past and future lost income and earning capacity;

    d.    past and future lost services, protection, care and assistance;

    e.    loss of society, companionship, and consortium; and,

    f.    other damages incurred as a result of Defendant's conduct.

## COUNT I
### (Deliberate Intent – Family Dollar)

14. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 13 of this Complaint as if set forth herein verbatim.

15. On and prior to March 21, 2020, Family Dollar violated W. Va. Code § 23-4-2(d)(2)(B), in that:

    (i) a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

    (ii) Family Dollar, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

    (iii) the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer which rules, regulations and standards were specifically applicable to the work and working condition involved, and were intended to address the specific hazard(s) presented by the alleged specific unsafe working condition;[1]

    (iv) notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, Family Dollar nevertheless intentionally thereafter exposed Ms. Byrne to the specific unsafe working condition; and

    (v) Ms. Byrne suffered a serious compensable death as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

---

[1] A Verified Statement will be served with a copy of this *Complaint* as required by W. Va. Code § 23-4-2.

16. As a direct and proximate result of Family Dollar's actions and omissions on and prior to March 21, 2020, Ms. Byrne suffered a right intertrochanteric hip fracture requiring operative fixation, as well as a subsequent left subcapital femur fracture requiring left hemiarthroplasty, leading to permanent scarring and a determination of a 22% permanent partial disability.

## COUNT II
### (Loss of Consortium)

17. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint as if set forth herein verbatim.

18. As a further direct and proximate result of the conduct and actions of the Defendant as described herein, Mr. Byrne has been deprived of the society, companionship and consortium of his wife, Ms. Byrne.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, jointly and severally, for:

a. an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

b. costs and attorney fees expended in prosecution of this matter;

c. pre-judgment and post-judgment interest as provided under the law; and

d. any and all other relief to which the Court deems Plaintiffs are entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

>JESSIE K. BYRNE and
>PATRICK BYRNE,
>By Counsel,

/s/ David A. Bosak
David A. Bosak (WV State Bar No. 11947)
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301
304-345-0346 (phone) 304-720-9167 (fax)
dbosak@bjc4u.com